UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANE DOE 1, et al.,

          Plaintiffs,

    v.

COMMUNITY MEDICAL CENTERS, INC.,

          Defendant.

No. 2:25-cv-01775-DAD-SCR

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM

(Doc. No. 3)

This matter is before the court on plaintiffs' motion to proceed under pseudonyms. (Doc. No. 3.) For the reasons below, the court will grant plaintiffs' motion.

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit, . . . parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

/////

1

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution . . . ." *Id.* (citations and internal quotation marks omitted).  A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068–69.  "When a party requests Doe status, the factors to be balanced against the general presumption that parties' identities are public information, are:  (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (internal quotation marks, brackets, and ellipses omitted).

Plaintiffs' motion is somewhat conclusory in nature and asserts that plaintiffs will face "undue embarrassment, harassment, discrimination, and violence because of the nature of [plaintiffs'] claims." (Doc. No. 3 at 1.)  Plaintiffs refer to their complaint "[f]or additional background" as to what allegations could cause the above-listed harms.  (*Id.*)  The complaint in this action alleges that defendant Zhu committed sexual battery against the three unnamed plaintiffs. (Doc. No. 1 at ¶¶ 29–31.)  "With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *Doe K.G. v. Pasadena Hosp. Ass'n, Ltd.*, No. 2:18-cv-08710-ODW-MAA, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (collecting cases); *see also Poe v. Conrad*, No. 2:25-cv-01118-DJC-AC, 2026 WL 84086, at *2 (E.D. Cal. Jan. 12, 2026) (finding that allegations of sexual assault by a prominent local figure supported a finding that the plaintiff's need for anonymity outweighed prejudice to the defendant and the public interest in identity disclosure); *Doe v. Penzato*, No. 10-cv-05154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (finding that the public

interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public interest in disclosure).  Regarding potential prejudice to defendant, the court observes that defendant has not yet appeared in this action and discovery has not commenced.  Thus, defendant has not shown any prejudice at this stage in the litigation that would be caused by allowing plaintiffs to proceed pseudonymously.  *Advanced Textile Corp.*, 214 F.3d at 1072 (finding no prejudice to the defendant if the plaintiff were to proceed under pseudonym prior to discovery).  Further, any potential future prejudice to defendant during discovery could be mitigated through the use of a protective order.  *See Doe v. County of El Dorado*, No. 2:13-cv-01433-KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) (finding that use of a protective order would mitigate or eliminate any prejudice to the defendant); *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) (same).

Accordingly, even in light of plaintiffs' conclusory arguments, the court finds that plaintiffs have demonstrated a need for anonymity, and that any prejudice to defendant and the public's interest in disclosure are outweighed by this need for anonymity.  For the reasons above, the court will GRANT plaintiffs' motion to proceed pseudonymously (Doc. No. 3) at this stage in the litigation.

IT IS SO ORDERED.

Dated:   **March 19, 2026**                                    _____
                                                              DALE A. DROZD
                                                              UNITED STATES DISTRICT JUDGE

3